UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| DANIEL P. HENDRICKSON,<br><br>    Plaintiff,<br><br>vs.<br><br>NANCY A. BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY;<br><br>    Defendant. | 4:17-CV-04173-VLD<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS<br><br>DOCKET NO. 26 |

## INTRODUCTION

Following the court's order remanding this case to the Social Security agency for further consideration, plaintiff Daniel P. Hendrickson filed a motion for an award of attorney's fees, expenses, and costs. See Docket No. 26. The Commissioner objected in part to the request. See Docket No. 32.

## DISCUSSION

Under the EAJA, a prevailing party in a civil suit against the United States or one of its agencies shall be awarded attorney's fees and costs. See 28 U.S.C. § 2412(a) and (d)(1)(A). However, if the court finds that the government's position was substantially justified, the court may choose not to make such an award. Id. at (d)(1)(A).

An application for fees and costs under the EAJA must be made "within thirty days of final judgment in the action." See 28 U.S.C. § 2412(d)(1)(B). By local rule, litigants seeking attorney's fees in this district must file a motion for attorney's fees within 28 calendar days after the entry of judgment, absent a showing of good cause. See DSD L.R. 54.1C. Here, the court entered final judgment in Mr. Hendrickson's favor on January 18, 2019. See, Docket No. 19. Mr. Hendrickson filed his motion for attorney's fees on January 22, 2019. See Docket No. 22. Thus, Mr. Hendrickson's motion is timely.

In order to avoid an award of attorney's fees under the EAJA, the government's position must have been "substantially justified" at both the administrative level and at the district court level. Kelly v. Bowen, 862 F.2d 1333, 1337 (8th Cir. 1988). In determining whether the government's position was substantially justified, the court should examine whether that position had a clearly reasonable basis in fact and in law, "both at the time of the Secretary's decision and the action for judicial review." Id.; Goad v. Barnhart, 398 F.3d 1021, 1025 (8th Cir. 2005). The government's position can be factually and legally reasonable, "solid," even though that position turned out to be not necessarily correct. Kelly, 862 F.2d at 1337. A loss on the merits does not give rise to a presumption that the Commissioner's position was not substantially justified. Goad, 398 F.3d at 1025. The Commissioner bears the burden of proving that its position was substantially justified. Id.

Mr. Hendrickson requested an award of the following:

| | |
|---|---:|
| Attorney's Fees ($188.75 hourly rate x 57.44[1] hours) | $10,841.80 |
| Sales Tax on Attorney's Fees (6.5%) | 704.72 |
| Filing Fee | 400.00 |
| TOTAL AWARD REQUESTED: | $ 11,946.52 |

The Commissioner does not take issue with Mr. Hendrickson's entitlement to an award in general, nor with counsel's hourly rate, nor with the sales tax, or filing fee part of the request. Instead, the Commissioner seeks a reduction of Mr. Hendrickson's attorney's fees to 35 hours, so that it falls within the "customary" hours of 20 to 40 hours "routinely" spent on a "typical" social security file.

In Hensley v. Eckerhart, 461 U.S. 424 (1983), the Court explored the legislative history of 42 U.S.C. § 1988 allowing awards of attorney's fees for prevailing plaintiffs in civil rights litigation. Courts should apply the lodestar method: multiply the number of hours reasonably expended on the litigation by a reasonable hourly rate. Id. at 433. In determining the lodestar, the Court noted that Congress cited approvingly to the 12 factors outlined in Johnson v. Georgia Hwy. Express, Inc., 488 F.2d 714 (5th Cir. 1974).[2] Hensley, 461 U.S. at 429-30. Courts applying the EAJA have applied the rationale from Hensley

---

[1] Counsel originally requested 56.44 hours. See Docket No. 26. However, she requests an additional 1 hour for preparing her reply brief on the instant motion. See Docket No. 33.

[2] In Blanchard v. Bergeron, 489 U.S. 87, 93 (1989), the United States Supreme Court overruled that part of Johnson which held that a contingent fee agreement imposes an automatic cap on attorney's fee award.

3

and other civil rights attorney's fees statutes. <u>Costa v. Comm'r. Social Sec. Admin.</u>, 690 F.3d 1132, 1135 (9th Cir. 2012).

The twelve <u>Johnson</u> factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney in order to accept the case; (5) the customary fee; (6) whether the fee is hourly or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. <u>Johnson</u>, 488 F.2d at 718-19.

In <u>Costa</u>, the Ninth Circuit stated it is unlikely a lawyer will spend unnecessary hours on a contingent fee case in order to inflate her fee award in a case like a social security appeal because "[t]he payoff is too uncertain." <u>Costa</u>, 690 F.3d at 1136 (quoting <u>Moreno v. City of Sacramento</u>, 534 F.3d 1106, 1112-13 (9th Cir. 2008)). The court noted that social security cases by their very nature are fact-intensive and require careful review of the administrative record, making the adjective "routine" "a bit of a misnomer." <u>Id.</u> at 1134 n.1. Instead, the court cautioned deference to the "winning lawyer's professional judgment as to how much time he was required to spend on the case." <u>Id.</u> at 1136. The court held that a district court can reduce an attorney's fee award by up to 10 percent without detailed explanation, but larger cuts required more specific explanation. <u>Id.</u>

The court rejected the lower court's application of a "rule of thumb" of 20 to 40 hours for a "routine" social security case. Id. The court noted surveying fee awards in similar cases was useful in determining the reasonable hourly rate, but it was "far less useful for assessing how much time an attorney can reasonably spend on a specific case because that determination will always depend on case-specific factors including" the size of the administrative record, the novelty and complexity (and number) of legal issues, the procedural history and when counsel was retained. Id. at 1136.

In Hogan v. Astrue, 539 F. Supp. 2d 680, 682 (W.D.N.Y. 2008), the court noted that routine social security cases require an average of 20 to 40 hours of attorney time. However, the court noted it did not hesitate to award fees in excess of the routine 20-40 hours where the facts of a specific case warrant it. Id. (citing cases where 51.9 hours and 51 hours were awarded). In the Hogan case itself, the administrative transcript was 353 pages and the substantive issues involved were not noteworthy; the court found the attorney's requested hours of 54.0 to be "slightly excessive." Id. The court reduced the fee award by 5 percent. Id.

In Harden v. Comm'r. Social Sec. Admin., 497 F. Supp. 2d 1214 (D. Or. 2007) abrogated on other grounds by Costa v. Comm'r of Social Security, 690 F.3d 1132, 1137 (9th Cir. 2012), the total attorney's fees requested were reduced to 40 hours where 24 hours had been billed by an inexperienced attorney whom, the court held, did not have the right to be trained at the government's expense. The court in Coleman v. Astrue, 2007 WL 4438633 at

5

*3 (N.D. Iowa Dec. 17, 2007), also noted that other courts have held routine disability benefits cases commonly require 20 to 40 hours of attorney time and reduced counsel's hours because the transcript was only 294 pages and the issues were not particularly complex or novel.

  The Commissioner attacks as excessive three components of Mr. Hendrickson's fee request.  The Commissioner argues that 17.75 hours reviewing and summarizing the 763-page administrative record in this case was excessive.  In this regard, the Commissioner points out that Mr. Hendrickson's statement of the record included many facts which were not later incorporated or referenced in any of the issues and arguments Mr. Hendrickson raised.  Among these issues are that Mr. Hendrickson grew up in a military family, had an unusual relationship with his family, did Mormon missionary work, suffered from epigastric pain, irritable bowel syndrome, diarrhea, and fatty liver.

  Mr. Hendrickson responds that a claimant's various medical conditions often interrelate in unforeseen ways.  Counsel posits it is better to leave possibly extraneous information in rather than inadvertently omit something that turns out to be important to the analysis.  The court agrees with Mr. Hendrickson.  Although the court relies upon the parties not to place irrelevant information before the court, in a Social Security case the line between relevant and irrelevant is not always crystal clear.  In any case, the material to which the Commissioner objects consists of one full paragraph (see Docket No. 17 at pp. 2-3), and three short sentences consisting of 31 words (id.

at pp. 4-5). This is a *de minimus* part of Mr. Hendrickson's 39-page initial brief in support of his motion to reverse the Commissioner. The court will not split hairs.

In addition, it is one thing to summarize the AR and present it in a brief in the same order it is presented in the Commissioner's records—an organizational scheme that is quite maddening. Doing so requires less effort than to marshal the facts in the record and present them in chronological order rather than organized by provider, and in reverse chronological order within a provider's records. Mr. Hendrickson's counsel took the time to put all the AR in chronological order—something the court must do on its own if the parties do not take the time to do it themselves. In addition, counsel for Mr. Hendrickson took the time to insert definitions of medical or other terms the court likely was not familiar with as well as to insert descriptions of the various prescription medications Mr. Hendrickson took. The court will not penalize Mr. Hendrickson's counsel for making this court's job of understanding the events and conditions chronicled in the AR easier.

The Commissioner also argues the 43.75 hours Mr. Hendrickson's counsel charged to research and write the brief in this appeal was excessive. In support of this argument, the Commissioner points out Mr. Hendrickson's counsel has 38 years' experience handling social security claims and the brief filed on Mr. Hendrickson's behalf contained a great deal of boilerplate. In addition, the Commissioner argues none of the issues were complex or novel.

7

Mr. Hendrickson response is two-fold. First of all, the "boilerplate" pointed out by the Commissioner consists of the recitation in the brief of the appropriate standards to apply to the appeal and to various issues. These are necessary to the brief, though they may be "boilerplate." Second, counsel responds that she should nether be specially compensated for, nor specially penalized for, her expertise and experience.

The point of the Commissioner's argument, it seems to this court, is not that the boilerplate arguments should be removed from Mr. Hendrickson's brief. But rather that such sections of a brief represent blocks of research that are replicated over and over again in Mr. Hendrickson's counsel's work and, most probably, were cut and pasted from previous research. Thus, the court understands the Commissioner to be arguing that the court should remove consideration of those portions of Mr. Hendrickson's brief when evaluating whether 43.75 hours to research and write a 39-page brief was excessive.

As to whether the issues were novel or complex, the court disagrees with the Commissioner. While the standards applicable to the facts herein may not be novel, Social Security law is extremely complex. To resolve (or to present) a single issue, one may be required to resort to statute, case law, regulation, SSR and POMs, each of which carries its own nuance. Furthermore, Mr. Hendrickson's keratoconus and Bell's palsy, especially the interrelation of those conditions, was quite unique. Even excising the "boilerplate" sections of counsel's initial brief, the court finds 43.75 hours is not excessive given the issues raised and the nature of the disabilities. In reaching this conclusion,

8

the court notes that Mr. Hendrickson's counsel voluntarily reduced her billing statement by 25% prior to making her request for attorney's fees.

The Commissioner's final argument is that 2 hours to prepare a motion for attorneys fees under the EAJA is excessive. On this point, the court does agree. The memorandum in support of the motion for EAJA fees is four pages long. The accompanying itemization of counsel's time is almost surely the product of computer software. And counsel's affidavit is likely very similar from case to case. The court reduces the hours compensable for preparing the EAJA motion to 1 hour.

The court notes the Commissioner's arguments are driven almost exclusively by reliance on a district court decision from Nebraska, <u>Brown v. Colvin</u>, 16 F. Supp. 3d 1051 (D. Neb. 2014). But the <u>Brown</u> decision is not binding authority in this district. Furthermore, the <u>Brown</u> decision relied entirely on fee decisions made in Social Security cases in the District of Nebraska. <u>Brown</u> did not address, as this court does herein, the history of such fee decisions in the District of South Dakota.

Here, Mr. Hendrickson's case required an opinion of 91 pages to discuss and resolve eight distinct legal issues (counting subparts). <u>See</u> Docket No. 23. Mr. Hendrickson asserted numerous mental and physical impairments. <u>Id.</u> The administrative record in his case was 763 pages. Although the length of the administrative record was certainly not unheard of, it was longer than usual and, thus, not typical. The reduction the Commissioner seeks is not minor but instead amounts to a 38 percent reduction in Mr. Hendrickson's

original attorney hours. The court finds that reduction unwarranted, especially where counsel has already voluntarily reduced her fees by 25%.

Although Costa indicates comparison with attorney awards in other cases is not very useful in a social security case as to the number of hours expended by an attorney, that is one of the Johnson factors the Hensley Court found relevant. Accordingly, the court considers it. In the District of South Dakota, recent attorney's fee awards in social security cases have ranged from 24.4 hours for a rather surgical, single-issue case (Preston v. Berryhill, 5:16-cv-05097-VLD), to 43.75 hours in a case involving four legal issues which were resolved in a 75-page opinion (LeMair v. Colvin, 4:14-cv-04053-LLP). The court notes that in the latter case, although the attorney hours were only 43.75 hours, the total attorney's fee award was higher than what Mr. Hendrickson seeks herein ($10,879.50) because the hourly rate requested was higher.

A total of 41.50 hours was awarded for a total of $7,055 in a single-issue appeal requiring an opinion of only 41 pages to resolve (Bormes v. Berryhill, 4:16-cv-04155-VLD). In Bormes, the Commissioner did not object to the request for attorney's fees. In Seay v. Berryhill, 5:16-cv-05096-VLD, Docket No. 37 (D.S.D. June 15, 2018), attorneys fees of $9,092.28 were awarded based on total hours expended of 46.78. In Webb v. Berryhill, 5:16-cv-0585-VLD, Docket No. 32 (D.S.D. May 9, 2018), attorneys fees were awarded based on total hours of 54.76.

Thus, the court finds Mr. Hendrickson's request for attorney's fees in this case, although at the higher end of the range, is definitely not an outlier in

either hours expended or the total amount of fees requested.  Although the Commissioner asserts the court should award only 35 hours of work, the Commissioner appears to have arbitrarily picked this number.  She offers no rationale in support of the specific figure and the court notes this 35-hour figure pops up in a number of the Commissioner's objections to EAJA fees regardless of the differences between the various cases.  See, e.g. Ruff v. Commissioner, 4:18-cv-04057, Docket No. 25 (D.S.D.) (Commissioner's objection to EAJA request, asserting fees should be limited to 35 hours of work).  Social security work is not a one-size-fits-all endeavor.

    Finally, the court notes that a plaintiff's counsel's work can be diminished by—or increased by—the Commissioner's stance in a given case.  If the issues are narrowed to only those about which there is a real dispute, plaintiff's counsel's work is necessarily more limited.  If the Commissioner takes a no-holds-barred approach and contests everything possible, the scope of plaintiff's counsel's work is greater.  For every action, there is an equal and opposite reaction.  Litigation is a two-way street.

    Another Johnson factor favors Mr. Hendrickson's EAJA request--the "undesirability" of the case.  Social security cases present what can fairly be characterized as the "worst" of all cases economically for a lawyer:  they require a high level of skill and knowledge in a byzantine area of the law, they are contingent fee cases which are risky because a lawyer may end up working for free if she loses a case, and that risk is not offset by a higher recovery in successful cases because the fees are limited by statute.

The court does agree with Costa in this regard: it is highly unlikely that an attorney will spend unnecessary time on a contingent fee case in the hopes of inflating a later fee award. The nature of contingent fee cases requires that attorneys hone their efficiency—the lawyer who doesn't do so soon finds him- or herself unable to earn a living. Mr. Hendrickson's attorney has been able to thread this needle for a number of years, attesting to her ability to handle social security cases efficiently.

## CONCLUSION

Based on the foregoing facts, law and analysis, it is hereby

ORDERED that plaintiff Daniel Hendrickson's motion for attorney's fees, costs, and expenses [Docket No. 26] is granted in part as follows. Plaintiff is awarded Equal Access to Justice Act ("EAJA") attorney's fees of $10,653.05, and sales tax expenses of $692.45, for total fees and expenses of $11,345.50, to be paid by the Social Security Administration. Further, plaintiff is awarded reimbursement of costs of $400.00, to be paid by the Judgment Fund. Funds shall be made payable to plaintiff. After any offset to satisfy any pre-existing debts the plaintiff may owe to the United States, the Treasury Department will send the remaining amount to the office of plaintiff's counsel.

DATED February 15, 2019.

BY THE COURT:

/s/ Veronica L. Duffy
_____
VERONICA L. DUFFY
United States Magistrate Judge